IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARJORIE EZETTE WOODS, | § § | |
| *Plaintiff,* | § § § | SA-19-CV-00519-XR |
| vs. | § § § | |
| LEGEND OAKS HEALTHCARE & REHABILITATION, AUTUMN WINDS LIVING & REHABILITATION, ADULT PROTECTIVE SERVICES, | § § § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint, filed May 14, 2019 [#1], Plaintiff's *pro se* Motion for Appointment of Counsel [#2], and Plaintiff's *pro se* Motion for Speedy Trial [#3]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By her motions, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on her inability to afford court fees and costs, requests the appointment of an attorney to represent her in this case, and asks the Court to proceed with this case in a timely fashion. Having considered the motions and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, deny the motion to appoint counsel, dismiss the motion for speedy trial,[1] and order Plaintiff to file a more definite statement regarding her allegations in this case.

---

[1] Plaintiff's motion for speedy trial asks the Court to proceed expeditiously. The Court assures Plaintiff that it will review her filings in a timely manner.

1

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[2]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes her income and asset information, which indicates that Plaintiff is unemployed, has no significant assets, and is behind on her credit card and truck payments.  Plaintiff has no dependents but used to live with her mother and relied on her mother's Social Security payments for basic support income.  The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

**II. Appointment of Counsel**

Courts may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings.  Under § 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  Appointment of counsel in a civil case is considered a privilege, not a constitutional right, and should be allowed only in exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86.  In evaluating whether the appointment of counsel is proper under § 1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence.  *See Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001).

---

[2] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Plaintiff has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate under the applicable legal standard under 28 U.S.C. § 1915(e).  The record reflects that Plaintiff has a college degree and a masters in teaching and taught in various educational venues before she began to care for her ailing mother.  Plaintiff is well educated and able to communicate with the Court.

As to the merits of Plaintiff's case, Plaintiff's proposed complaint [#1-1, #1-2] and other filings [#1-3] refer to claims under the Americans with Disabilities Act, the Medicare Act, False Claims Act, as well as kidnapping, slander, and defamation. Based on Plaintiff's current allegations, the Court is not clear whether Plaintiff has stated any cause of action over which this federal court has jurisdiction or has stated a plausible claim upon which relief could be granted. Accordingly, the Court will order Plaintiff to file a more definite statement responding to the specific questions outlined below.  The Court will deny Plaintiff's request for counsel at this time.

### III.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[3]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Complaint names Legend Oaks Healthcare & Rehabilitation ("Legend Oaks"), Autumn Winds Living & Rehabilitation ("Autumn Winds"), and Adult Protective Services, New Braunfels

---

[3] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous or fails to state a claim, but is not required to screen non-prisoner cases at the outset.  In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint prior to docketing or as soon as possible.  *See* 28 U.S.C. § 1915A(a).

("APS") as Defendants in this action.  Plaintiff's Complaint alleges that she is the durable and medical power of attorney for her mother, who recently suffered a stroke that led to her severe physical and mental impairment.  Plaintiff contends that she placed her mother in a nursing and rehabilitation facility—Defendant Legend Oaks—on December 28, 2018 when she realized she could no longer care for her mother in her compromised condition.  There were issues with her mother's benefits and payment to Legend Oaks, and Plaintiff contends that sometime in January 2019 Plaintiff's sister removed Plaintiff's mother from Legend Oaks and placed her in another facility—Defendant Autumn Winds—without Plaintiff's authorization.  Plaintiff alleges that Legend Oaks and Autumn Winds were complicit in the transfer.  Since Plaintiff's mother was moved to Autumn Winds, Plaintiff contends she has been unable to get any information on her mother's condition or communicate with her, despite Plaintiff's attempts to prove her legal status as power of attorney.

Plaintiff alleges that on April 19, 2019 she attempted to reach her mother by physically visiting Autumn Winds with two police officers and a friend of her mother's as support.  Autumn Winds allegedly questioned the authenticity of the power of attorney documents Plaintiffs showed the facility, and Plaintiff was again unsuccessful at seeing her mother.  On this day, Plaintiff also discovered from the officers that she is currently under investigation by Defendant APS for "exploitation" and using her mother's funds for her benefit.  Plaintiff believes that Legend Oaks and Autumn Winds are holding her mother against her will in an attempt to obtain her mother's Social Security payments.  Plaintiff seeks monetary compensation in the amount of two million dollars.  Plaintiff attaches to her proposed Complaint notarized Durable Power of Attorney and Medical Power of Attorney documents signed by her mother and dated June 17, 2015 designating Plaintiff as her attorney-in-fact and health care agent.

The Court is unclear if Plaintiff has alleged any cause of action against Defendants that would confer subject matter jurisdiction on this Court. This is a federal court. Federal courts are courts of limited jurisdiction, which means that they can only hear certain types of cases: cases that present a federal question (meaning cases involving the violation of a federal law or the United States Constitution) or cases between citizens of different states. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). State courts, in contrast, have general jurisdiction over a wide range of cases. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000).

Plaintiff asserts claims under the Americans with Disabilities Act, Medicare Act, False Claims Act, as well as kidnapping, slander, and defamation. The Court will briefly discuss each of the causes of action identified in Plaintiff's Complaint and identify the deficiencies that Plaintiff should address in her more definite statement if she desires to proceed with her lawsuit in this Court.

**A.     Americans with Disabilities Act**

The Americans with Disabilities Act ("ADA") prohibits disability discrimination in the workplace; provides that individuals with disabilities cannot be denied the benefits of the services, programs, or activities of a public entity; prohibits discrimination against persons with disabilities in places of public accommodation and services operated by private entities; and prohibits retaliation against persons opposing disability discrimination. 42 U.S.C. §§ 12112(a), 12132, 12182, 12203. The ADA is a federal law, the violation of which would raise a federal question before this Court. However, based on Plaintiff's current allegations, she has not stated a claim for a violation of the Americans with Disabilities Act. Plaintiff does not allege that she is disabled under the ADA or that she has suffered disability discrimination or retaliation for

5

opposing disability discrimination.  <u>If Plaintiff is attempting to allege that she is disabled under the ADA or a victim of disability discrimination or retaliation, or that she was deprived of benefits or services by a public entity, she should include these additional facts in her more definite statement</u>.

**B.     Medicare Act**

The Medicare Act is the federal law that created the Medicare program, which functions as a "federally funded health insurance program for the elderly and the disabled." *Thomas Jefferson v. Shalala*, 512 U.S. 504, 506 (1994).  The Court is unclear what specific cause of action Plaintiff is attempting to bring under the Medicare Act.  The only allegation regarding Medicare in Plaintiff's Proposed Complaint is that Medicare has not reimbursed Legend Oaks or Autumn Winds for her mother's care.  Plaintiff does not allege that she is seeking medical care, services, or other benefits under the Medicare Act.  Moreover, if Plaintiff is indeed attempting to bring a claim under the Medicare Act, this Court only has jurisdiction over Plaintiff's Medicare claims if she has first exhausted her administrative remedies.  42 U.S.C. § 405(g); *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976) (barring judicial review of any denial of Medicare benefits claim until after a final decision has been issued by the Secretary of Health and Human Services following a hearing).  <u>If Plaintiff is attempting to bring a claim under the Medicare Act, she must allege exhaustion of administrative remedies and specify the relief she is requesting under the Medicare Act.</u>

**C.     False Claims Act**

The False Claims Act is a federal law that imposes civil liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A).  If Plaintiff is alleging that any of Defendants presented a

6

false claim to Medicare or another entity with respect to her mother's care, she must allege with very specific allegations the circumstances surrounding the fraud. *United States ex rel. Colquitt v. Abbott Labs.*, 858 F.3d 365, 371 (5th Cir. 2017). This requires, at a minimum, that a plaintiff plead the "who, what, when, where, and how" of the alleged fraud. *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). <u>Plaintiff should allege these details in her more definite statement and explain specifically what information leads her to believe a Defendant in this lawsuit presented a false claim to Medicare.</u>

**D.     Kidnapping**

Kidnapping is a criminal offense under federal and Texas law. *See* 18 U.S.C. § 242; Tex. Pen. Code § 20.03. Plaintiff cannot herself criminally prosecute Defendants for kidnapping her mother through this civil case. Only the United States or District Attorney has the authority to do so. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack judicially cognizable interest in prosecution of another). Nor is Plaintiff able to bring a civil rights action against Defendants based on the kidnapping of her mother. Plaintiff has not alleged that a state actor kidnapped his mother, a requirement for a federal civil rights action. 42 U.S.C. § 1983. Additionally, a civil rights action only arises where there is a constitutional or federal violation. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). There is no federal civil law prohibiting kidnapping. *Gatt v. Joseph*, No. CV 09-328, 2012 WL 12986691, at *1 (E.D. La. Jan. 11, 2012).

However, false imprisonment is a tort under Texas law, meaning Plaintiff may bring a civil suit alleging false imprisonment if the following elements are pleaded: (1) willful detention; (2) lack of consent; and (3) absence of authority of law. *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985). <u>If Plaintiff is attempting to bring a claim for false</u>

imprisonment, she should explain as much in her more definite statement. The Court informs Plaintiff, however, that a Texas claim of false imprisonment may only be heard in this Court if Plaintiff and Defendants are citizens of different states. 28 U.S.C. § 1332. It appears from Plaintiff's Complaint that all three Defendants are located in Texas, which would prevent this Court from exercising jurisdiction over Plaintiff's claim of false imprisonment unless there is also a valid federal cause of action in this lawsuit. Plaintiff may bring a claim of false imprisonment in Texas state court. The Court further notes that if Plaintiff is attempting to bring a claim of false imprisonment on behalf of her mother, based on her status as durable power of attorney and her mother's incapacitation, she should explain this fact in her more definite statement.

### E.     Slander and Defamation

Claims of slander and defamation are also claims arising under state, not federal law. Again, this Court may only hear such claims if Plaintiff and Defendants are citizens of different states. 28 U.S.C. § 1332. If Defendants are all Texas citizens, like Plaintiff, this Court cannot exercise jurisdiction over Plaintiff's defamation and slander claims unless there is a valid federal cause of action in this lawsuit.

Under Texas law, defamation may occur through slander (oral defamation) or libel (written or graphic defamation). *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 623 (Tex. 2018), *reh'g denied* (Sept. 28, 2018), *cert. denied*, 139 S. Ct. 1216 (2019). Even if the Court has jurisdiction over these state law claims, however, Plaintiff has not alleged sufficient facts to state a claim of defamation. Defamation requires the pleading of the following elements: the defendant (1) published a statement; (2) that was defamatory concerning the defendant; (3) while acting with actual malice (if the plaintiff was a public official or figure) or with negligence

(if the plaintiff was a private individual) regarding the truth of the statement.  *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).  <u>If Plaintiff wishes to pursue this cause of action, she must provide the Court with additional allegations as to which Defendant engaged in defamation and the nature of the defamatory conduct.</u>

### IV.  Conclusion

In summary, the Court will grant Plaintiff's motion to proceed IFP, deny her motion to appoint counsel, and dismiss her motion for a speedy trial.  The Court will also order Plaintiff to file a more definite statement, as Plaintiff's current allegations fail to state a claim over which this federal court has jurisdiction or a claim that is sufficiently supported by Plaintiff's factual allegations.

The Court notes that it appears that Plaintiff's primary complaint is that she is not able to have contact with her mother or direct her medical care and her power of attorney documents are not being honored.  These claims may be more appropriate for a state court lawsuit.  If Plaintiff wishes to voluntarily withdraw her Complaint and proceed in state court, she may file a stipulation to that effect, indicating she wishes to nonsuit her case.  *See* Fed. R. Civ. P. 41(a).

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's *pro se* Motion for Appointment of Counsel [#2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *pro se* Motion for Speedy Trial [#3] is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-1, #1-2] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk

shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.  <u>Service upon Defendant should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that **within 21 days of this Order (on or before June 19, 2019)**, Plaintiff shall file a **More Definite Statement** of the claims she seeks to present to this Court.  Plaintiff is reminded to keep her statement **"short and plain,"** detailing only the facts relevant to her claims.  *See* Fed. R. Civ. P. 8(a)(2).  In this More Definite Statement, Plaintiff must provide factual support for her allegations against Defendants by addressing the issues raised in this Order.

Plaintiff shall include the following declaration at the end of her more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2019.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  If Plaintiff does not wish to file a more definite statement, she may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED.**

SIGNED this 29th day of May, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

.