IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARJORIE EZETTE WOODS, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00519-XR |
| vs. | § § | |
| LEGEND OAKS HEALTHCARE & REHABILITATION, AUTUMN WINDS LIVING & REHABILITATION, ADULT PROTECTIVE SERVICES, | § § § § § | |
| *Defendants.* | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the review of the pleadings pursuant to 28 U.S.C. § 1915(e). All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's claims be dismissed because Plaintiff has failed to state a federal cause of action that would confer this Court with subject-matter jurisdiction.

### I.  Analysis

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed for failure to state a claim upon which relief may be granted where a

plaintiff's allegations fail to plead factual content that would allow a court to conclude that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On June 14, 2019, the Court granted Plaintiff's motion to proceed *in forma pauperis* but ordered that Plaintiff file a more definite statement to clarify some identified deficiencies in her proposed Complaint [#4]. The Court ordered that Plaintiff's Complaint be filed but that service be withheld pending the Court's review of the more definite statement. Plaintiff filed an Amended Complaint on June 14, 2019 [#6], which the Court construes as the ordered more definite statement.

Plaintiff's Original Complaint names Legend Oaks Healthcare & Rehabilitation ("Legend Oaks"), Autumn Winds Living & Rehabilitation ("Autumn Winds"), and Adult Protective Services, New Braunfels ("APS") as Defendants in this action. Plaintiff's Complaint alleges that she is the durable and medical power of attorney for her mother, who recently suffered a stroke that led to her severe physical and mental impairment. Plaintiff contends that she placed her mother in a nursing and rehabilitation facility—Defendant Legend Oaks—on December 28, 2018 when she realized she could no longer care for her mother in her compromised condition. There were issues with her mother's benefits and payment to Legend Oaks, and Plaintiff contends that sometime in January 2019 Plaintiff's sister removed Plaintiff's mother from Legend Oaks and placed her in another facility—Defendant Autumn Winds—without Plaintiff's authorization. Plaintiff alleges that Legend Oaks and Autumn Winds were complicit in the transfer. Since Plaintiff's mother was moved to Autumn Winds, Plaintiff contends she has been unable to get any information on her mother's condition or communicate with her, despite Plaintiff's attempts to prove her legal status as power of attorney.

Plaintiff alleges that on April 19, 2019 she attempted to reach her mother by physically visiting Autumn Winds with two police officers and a friend of her mother's as support. Autumn Winds allegedly questioned the authenticity of the power of attorney documents Plaintiffs showed the facility, and Plaintiff was again unsuccessful at seeing her mother. On this day, Plaintiff also discovered from the officers that she is currently under investigation by Defendant APS for "exploitation" and using her mother's funds for her benefit. Plaintiff believes that Legend Oaks and Autumn Winds are holding her mother against her will in an attempt to obtain her mother's Social Security payments and that her sister is acting as power of attorney without legal authority. Plaintiff seeks monetary compensation in the amount of two million dollars. Plaintiff attaches to her proposed Complaint notarized Durable Power of Attorney and Medical Power of Attorney documents signed by her mother and dated June 17, 2015 designating Plaintiff as her attorney-in-fact and health care agent.

Plaintiff's original Complaint indicated that she was attempting to sue under the Americans with Disabilities Act ("ADA"), Medicare Act, and False Claims Act, and also asserted state law claims of kidnapping and slander/defamation. The undersigned's Order for a more definite statement explained to Plaintiff that federal courts are courts of limited jurisdiction and that this Court may only exercise subject-matter jurisdiction over her case if her allegations present a federal question (meaning a violation of federal law or the United States Constitution) or allege claims against citizens of different states. *See* 28 U.S.C. § 1331 (explaining federal-question jurisdiction); 28 U.S.C. § 1332 (explaining diversity jurisdiction). The Order for a more definite statement also identified legal deficiencies with Plaintiff's claims under the ADA, Medicare Act, and False Claims Act (the only federal causes of action asserted in this suit) and asked Plaintiff for clarification regarding her allegations.

Plaintiff's More Definite Statement indicates that she no longer intends to pursue her Medicare Act claim, but reasserts her federal claims under the ADA and False Claims Act and for kidnapping and slander/defamation under Texas law. Plaintiff also explains that she has added an additional Defendant to this lawsuit—Bank of America Financial Center. She alleges that the Bank has terminated Plaintiff's right to access her mother's bank account in violation of the power of attorney documents. Plaintiff also clarifies that she is bringing all of the claims asserted in this lawsuit on behalf of her mother, Linda Faye Woods, based on her legal status as durable power of attorney.

At least some of the Defendants in this case are citizens of Texas, so diversity jurisdiction does not exist. Accordingly, Plaintiff must allege a plausible claim under federal law for this Court to be permitted to exercise jurisdiction over Plaintiff's lawsuit. The only remaining federal claims in this case are Plaintiff's ADA and False Claims Act claims. Construing Plaintiff's allegations generously, they still do not state a claim under either of these Acts and therefore there is no basis for this Court's subject-matter jurisdiction.

### A. Americans with Disabilities Act

The Americans with Disabilities Act ("ADA") prohibits disability discrimination in the workplace; provides that individuals with disabilities cannot be denied the benefits of the services, programs, or activities of a public entity; prohibits discrimination against persons with disabilities in places of public accommodation and services operated by private entities; and prohibits retaliation against persons opposing disability discrimination. 42 U.S.C. §§ 12112(a), 12132, 12182, 12203. Plaintiff does not allege that her mother has suffered from discrimination due to a disability or that her mother opposed disability discrimination and suffered retaliation

due to this protected activity. Because Plaintiff has failed to state a plausible claim under the ADA, this cause of action cannot be the basis of this Court's federal subject-matter jurisdiction.

**B.     False Claims Act**

The False Claims Act is a federal law that imposes civil liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A). The undersigned's previous Order explained that if Plaintiff is alleging that any of Defendants presented a false claim to Medicare or another entity with respect to her mother's care, she must allege with very specific allegations the circumstances surrounding the fraud. *United States ex rel. Colquitt v. Abbott Labs.*, 858 F.3d 365, 371 (5th Cir. 2017). This requires, at a minimum, that a plaintiff plead the "who, what, when, where, and how" of the alleged fraud. *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997).

Plaintiff's More Definite Statement explains that Legend Oaks committed the alleged violation of the False Claims Act. (Am. Compl. [#6] at 13.) Yet Plaintiff does not explain the details of the alleged fraudulent claim. The only allegations about any claim for payment by Legend Oaks in Plaintiff's Complaint and More Definite Statement involve the denial of Medicaid benefits for Ms. Woods's stay at Legend Oaks because she only spent four days at the facility before being transferred to Autumn Winds and Medicare requires a minimum stay of 30 days for payment. (Am. Compl., Ex. B. [#6] at 29.) These allegations do not state a plausible claim that Legend Oaks submitted a fraudulent claim on Ms. Woods's behalf, only that Medicaid denied a claim submitted by Legend Oaks because Ms. Woods did not stay at the facility for the minimum period of time to trigger Medicaid benefits. Plaintiff seems to be alleging that Legend Oaks unlawfully allowed Ms. Woods's removal and transfer to Autumn Winds, which caused the

5

denial of coverage. These allegations do not state a plausible claim that Legend Oaks presented a false or fraudulent claim for payment and approval as is required to plead a claim under the False Claims Act.

## II. Conclusion and Recommendation

In summary, Plaintiff has not alleged a basis for this Court's subject-matter jurisdiction. The named Defendants in this action do not share complete diversity of citizenship with Plaintiff because at least some of the Defendants are from Texas, like Plaintiff and her mother. Therefore, Plaintiff cannot bring her case under this Court's diversity jurisdiction. Nor has Plaintiff stated a plausible claim under any federal statute so as to provide this Court with federal-question jurisdiction. Any viable claim asserted by Plaintiff should be heard in a state court of general jurisdiction and not this federal court.

Having considered Plaintiff's complaint and more definite statement under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends Plaintiff's claims be **DISMISSED**. Because all matters for which the above-entitled and numbered case were referred to the Magistrate Judge have been considered and acted upon, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## III. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file

the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of June, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE