IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARJORIE EZETTE WOODS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-5:19-CV-519-XR |
| | § | |
| LEGEND OAKS HEALTHCARE & | § | |
| REHABILITATION, AUTUMN WINDS | § | |
| LIVING & REHABILITATION, ADULT | § | |
| PROTECTIVE SERVICES, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

On this date, the Court considered United States Magistrate Judge Elizabeth Chestney's Report and Recommendation regarding this case, filed June 25, 2019 (docket no. 8), and Plaintiff's objections, filed July 8, 2019 (docket no. 11). After careful consideration, the Court ACCEPTS Magistrate Judge Chestney's recommendation and DISMISSES Plaintiff's claims.

## BACKGROUND

Plaintiff's Original Complaint names as Defendants Legend Oaks Healthcare & Rehabilitation ("Legend Oaks"), Autumn Winds Living & Rehabilitation ("Autumn Winds"), and Adult Protective Services, New Braunfels ("APS"). Plaintiff Marjorie Woods alleges she is the durable and medical power of attorney for her mother, who is physically and mentally impaired because of a stroke.

Plaintiff placed her mother in Legend Oaks, a nursing and rehabilitation facility, because she could no longer care for her mother in her compromised condition. Then, Plaintiff alleges that, in January 2019, Plaintiff's sister removed Plaintiff's mother from Legend Oaks and placed her in another facility, Defendant Autumn Winds. Plaintiff alleges she did not authorize this move.

1

Since the move, Plaintiff alleges she cannot get information on her mother's condition or communicate with her. On April 19, 2019, Plaintiff alleges she tried to visit Autumn Winds with two police officers and a friend of her mother's. She alleges Autumn Winds questioned the authenticity of Plaintiff's power of attorney documents and did not allow Plaintiff to see her mother. Plaintiff also learned Defendant APS is investigating her for exploitation and for using her mother's funds for her own benefit. Plaintiff alleges Legend Oaks and Autumn Winds are holding her mother against her will to get her mother's Social Security payments and she alleges her sister is acting as power of attorney without legal authority.

Plaintiff's original complaint brought claims under the Americans with Disabilities Act ("ADA"), Medicare Act, and False Claims Act, and brought state law claims of kidnapping and slander or defamation. Magistrate Judge Chestney ordered Plaintiff to submit a more definite statement, which noted legal deficiencies with Plaintiff's claims under the ADA, Medicare Act, and False Claims Act. The More Definite Statement Plaintiff filed states she no longer intends to pursue her Medicare Act claim, but it reasserts her remaining claims. The More Definite Statement also adds another defendant, Bank of America Financial Center, which Plaintiff alleges has terminated Plaintiff's right to access her mother's bank account in violation of the power of attorney documents. Plaintiff also states that she is bringing all claims on behalf of her mother, Linda Faye Woods, based on her legal status as durable power of attorney.

In her Report and Recommendations, Magistrate Judge Chestney notes that some Defendants are Texas citizens, as is Plaintiff, so there is not diversity of citizenship. Further, Magistrate Judge Chestney concludes that Plaintiff does not state a viable ADA or False Claims Act claim, and accordingly recommends dismissal of this case.

**DISCUSSION**

**I. Legal Standard**

Any Report or Recommendation issued by a Magistrate Judge that is properly objected to requires *de novo* review. *See* U.S.C. 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Such a review means the Court will examine the entire record and make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Additionally, "[p]arties filing objections must specifically identify those findings objected to." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982).

As provided by Rule 72(b), Plaintiff had 14 days to file specific written objection to the Report and Recommendation. FED. R. CIV. P. 72(b)(2). Plaintiff timely filed her objections. Plaintiff's objections are generally non-responsive to the Report and Recommendation, but in an abundance of caution the Court will conduct a *de novo* review.

**II. Analysis**

As an initial matter, it is not disputed that Plaintiff and at least some Defendants are Texas citizens, which destroys diversity of citizenship. For this Court to have jurisdiction, then, Plaintiff must state at least one viable federal claim. The only federal claims remaining are Plaintiff's ADA and False Claims Act claims.

First, Plaintiff does not state a viable ADA claim. Magistrate Judge Chestney recommended dismissal of Plaintiff's ADA claim because Plaintiff did not allege her mother suffered discrimination due to a disability or that her mother opposed disability discrimination and

suffered retaliation due to this protected activity. In Plaintiff's objections, the closest Plaintiff comes to addressing the ADA claim is her allegation that Legend Oaks neglected her mother:

> [B]ased on The Americans with Disabilities Act they were truly neglecting her and her needs! I know this because she had a roommate that would tell me everything that happened every day. . . . [H]er roommate told me she had to go potty and calling for help because of her sight and is known to consistently fall. Well no one stopped so she got up grab the wall and tried to make it but hit the restroom floor and went on herself. They both was hollering for help and my mother laid on the cold restroom floor for over an hour, because no one would stop. All this action took place after January 1, 2019. Therefore, they broke Laws under the AMERICAN WITH DISABILITIES ACT! She was denied the benefits of the services, programs, or activities of that public entity, and neglected.

Docket no. 11 at 6-7.

"To effectuate its sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). Plaintiff's ADA claim only references Legend Oaks, a private entity.[1] Thus, the only potentially application portion of the ADA is Title III, which prohibits any person who owns, leases, or operates a place of public accommodation from discriminating against an individual on the basis of that individual's disability. *See* 42 U.S.C. § 12182(a).

However, the above-quoted portion of Plaintiff's objections does not plausibly allege disability discrimination. Accordingly, Plaintiff's ADA claim fail because she alleges no facts that plausibly suggest that a public entity or place of public accommodation discriminated against her mother because of her mother's disability. *See Grant v. Seabron*, 689 F. App'x 288, 290 (5th Cir. 2017).

---

[1] Plaintiff names Adult Protective Services—a public entity—as a defendant, but nowhere does she state how it violated the APA. Instead, Plaintiff's grievance with Adult Protective Services appears to center on a phone call in which an APS employee allegedly told Plaintiff she was under investigation. There is no colorable allegation that APS discriminated against Plaintiff or her mother based on a disability.

4

Second, Plaintiff does not state a viable False Claims Act claim. The statute imposes liability on anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A). Magistrate Judge Chestney warned Plaintiff that if she is alleging that any Defendant presented a false claim to Medicare or another entity with respect to her mother's care, she must allege with very specific allegations the circumstances surrounding the fraud. *United States ex rel. Colquitt v. Abbott Labs.*, 858 F.3d 365, 371 (5th Cir. 2017). This requires, at a minimum, that a plaintiff plead the "who, what, when, where, and how" of the alleged fraud. *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997).

Magistrate Judge Chestney recommends dismissal of this claim. Plaintiff, in her amended complaint, appears only to allege that Legend Oaks violated the False Claims Act by submitting a Medicaid claim on Plaintiff's mother's behalf that was denied. But in Magistrate Judge Chestney's view, Plaintiff's allegations indicate only that the claim was denied because Plaintiff's mother stayed at Legend Oaks only four days, rather than the 30 days required to trigger Medicaid benefits.

In her objections, Plaintiff clarifies that the claim was submitted by Legend Oaks after four days, but Plaintiff's mother stayed a full 30 days. Then, when Legend Oaks re-submitted the claim after the full stay, "Kireston the social worker at Legend Oaks" forgot she made a premature claim, which "inclined Medicaid and Medicare to deny ever paying them for a claim" regarding Plaintiff's mother. Docket no. 11 at 6. Even with this clarification, the Court agrees with Magistrate Judge Chestney's conclusion: "These allegations do not state a plausible claim that Legend Oaks presented a false or fraudulent claim for payment and approval as is required to plead a claim under the False Claims Act." Docket no. 8 at 6.

Thus, since Plaintiff's federal claims fail and there is no basis for diversity jurisdiction, "[a]ny viable claim asserted by Plaintiff should be heard in a state court of general jurisdiction and not this federal court." *Id.* at 7.

**CONCLUSION**

For the foregoing reasons, this Court ACCEPTS Magistrate Judge Chestney's recommendations. Plaintiff's claims are hereby DISMISSED pursuant to 28 U.S.C. § 1915(e).

The Clerk is directed to close this case.

It is so ORDERED.

SIGNED this 12th day of August, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE